Hon Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, Texas 78711

2/12/15

29,572-11

RE: Wr. 29,572-10 Legible copy of supplemental transcript

Dear Mr. Acosta,

I recently mailed an addition to the Application for a Writ of Mandamus regarding omitted items by the District Clerk of Brazos County. The clerk mailed me a copy of the Supplemental Transcript (rebuttal) and the copy was very light and not legible. I am sending you a copy that is legible to be submitted to the Honorable Judges. I apologize if I am not doing things correctly. I don't know the proper procedures or terms and I have limited access to outdated materials. I greatly appreciate your patience with my case. I'm just trying to get a new trial and I'm doing the best I can.

I am grateful for your time and help.

Very Truly Yours

Thomas Blanchard

Relator

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 26 2015

Abel Acosta, Clerk

CAUSE NO. 12-02861-CRF-272-B

EX PARTE §§ IN THE DISTRICT COURT

§

THOMAS BLANCHARD § 272ND JUDICIAL DISTRICT

§

§ BRAZOS COUNTY, TEXAS

§

## REBUTTAL TO STATE'S ORIGINAL ANSWER

### I.

NOW COMES THOMAS BLANCHARD, RELATOR IN THE ABOVE NUMBERED AND ENTITLED CAUSE AND FILES THIS REBUTTAL TO PROVE HE HAS ALLEGED SEVERAL FACTS THAT, IF TRUE, WOULD ENTITLE HIM TO RELIEF.

### II.

IN GROUND ONE, RELATOR ALLEGES THAT AT THE TIME OF TRIAL BRAZOS COUNTY DID NOT HAVE AN EVIDENCE CONTROL SYSTEM AT THE TIME OF TRIAL. THE STATE CLAIMS THAT THE FACT MIKE WELCH WAS IN POSSESSION OF NARCOTICS AND KEPT THE EVIDENCE IN THIS CASE IN HIS FILE CABINET WAS BROUGHT OUT IN TRIAL AND IS NOT NEWLY DISCOVERED EVIDENCE. THE NEWLY DISCOVERED EVIDENCE THAT THE RELATOR IS REFERRING TO THAT DID NOT COME OUT IN TRIAL IS THE FACT WELCH KEPT THE EVIDENCE FOR TWO MONTHS AND THE EVIDENCE DID NOT GO INTO AN EVIDENCE CONTROL SYSTEM. AFTER WELCH TESTIFIED HE KEPT AN "ON-DEMAND" SUPPLY OF UN-LOGGED NARCOTICS, THE RELATOR FILED A COMPLAINT WITH THE U.S. ATTORNEY'S OFFICE IN WACO

(1)

THE RELATOR FOUND OUT THAT BRAZOS COUNTY WAS NOT USING AN EVIDENCE CONTROL SYSTEM AND FOUND OUT THROUGH THE BOOKING DESK AT THE BRAZOS COUNTY JAIL THAT MIKE WELCH DID NOT PUT THE EXHIBITS INTO EVIDENCE. THE STATE, ALONG WITH WARD, SWAN AND MALTSBERGER SAID THE EVIDENCE WAS GIVEN TO THE EVIDENCE CONTROL TECHNICIAN AND THEN GIVEN TO KENNY ELLIOT. THAT IS NOT TRUE. THE RELATOR WILL ALSO SHOW THE REASON WELCH KEPT THE EVIDENCE IN HIS POSSESSION FOR TWO MONTHS. WELCH KNOWS THAT MOST TYPES OF METHAMPHETAMINE DO NOT HAVE A STABLE PH BALANCE AND AFTER 2 TO 3 WEEKS WILL TURN INTO A BATH SALT. WELCH HELD ON TO IT SO HE COULD TEST IT BEFORE IT WENT TO THE CRIME LAB. HE THEN SENT IN A DIFFERENT SAMPLE FROM HIS FILE CABINET FULL OF "ON-DEMAND" DRUGS SO THE DPS CRIME LAB WOULD GET A POSITIVE RESULT. THAT IS ALSO THE REASON HE DID NOT SUBMIT THE USED SYRINGE BECAUSE HE KNEW WHAT HE SUBMITTED WAS DIFFERENT AND HE DIDN'T WANT TO RAISE ANY FLAGS. WHY DOES AN INVESTIGATOR KEEP A FILE CABINET FULL OF DRUGS AND NOT PUT IT INTO EVIDENCE IF THE COUNTY HAS AN EVIDENCE CONTROL SYSTEM? THAT IS ILLEGAL DRUG POSSESSION YET THE STATE IS O.K. WITH THAT. IN GROUND TWO, THE RELATOR ALLEGES THE PROSECUTION KNEW THIS AT THE TIME OF TRIAL AND SUPPRESSED THE INFORMATION SO THEY COULD USE TAINTED EVIDENCE AT THE TIME OF TRIAL.

(2)

WHAT WARD AND SWAN DID TO HIDE THIS INFORMATION IS SIMPLE. THEY DID NOT TELL THE DEFENSE UNDER DISCOVERY THAT THE EVIDENCE WAS KEPT BY WELCH FOR TWO MONTHS IN A FILE CABINET FULL OF OTHER DRUG EXHIBITS AND THAT IT WAS NOT PLACED INTO EVIDENCE. HAD THE RELATOR KNOWN THIS AT THE TIME OF TRIAL HE WOULD HAVE OBJECTED TO THE ADMISSION OF THE EVIDENCE AND CHALLENGED THE CHAIN OF CUSTODY. THE RELATOR WAS ARRESTED AT 10:25 A.M. FOR DRIVING WHILE LICENSE INVALID, EVEN THOUGH A D.P.S. CHECK WILL SHOW THAT AT THE TIME OF ARREST THE RELATORS LICENSE WAS ONLY EXPIRED WHICH IS NOT AN ARRESTABLE OFFENSE. WELCH VIOLATED PROTOCOL BY HOLDING EVIDENCE SO HE COULD TAMPER WITH IT. IF BRAZOS COUNTY HAD AN EVIDENCE CONTROL SYSTEM AT THE TIME OF TRIAL, WHY DIDN'T WELCH PLACE THE ITEMS INTO EVIDENCE? WHY DOES HE KEEP A FILE CABINET FULL OF NARCOTICS FROM CASES AND NOT PLACE IT INTO EVIDENCE? THE ANSWER IS SIMPLE. HE IS A DIRTY COP AND USES HIS "ON-DEMAND" DRUGS TO SET PEOPLE UP. THERE IS NO OTHER JUSTIFICATION. THE RELATOR SHOULD BE GRANTED A NEW TRIAL OR AT LEAST A HEARING SO HE CAN HAVE MARY KUCERA FROM THE U.S. ATTORNEY'S OFFICE IN WACO TESTIFY, AS WELL AS THREE DEPUTIES FROM THE BRAZOS COUNTY SHERIFF'S OFFICE, ABOUT THE LACK OF AN EVIDENCE CONTROL SYSTEM AT THE TIME OF TRIAL. THE RELATOR FOUND OUT ABOUT THE LACK OF AN EVIDENCE CONTROL SYSTEM AFTER TRIAL IN SEPTEMBER, 2013.

HAT IS ALSO WHEN HE FOUND OUT WELCH KEPT THE EVIDENCE FOR TWO MONTHS. THE D.A.'s STATE WELCH EXTENSIVELY TESTIFIED ABOUT THE EVIDENCE CONTROL SYSTEM. THAT IS NOT TRUE. HE WAS ASKED TWO TIMES BY THE DEFENSE WHEN HE RELEASED THE ITEMS AND PLACED THEM INTO EVIDENCE. BOTH TIMES WELCH STATED HE DIDN'T KNOW WHEN HE RELEASED THE ITEMS NOR DID HE TELL US HE KEPT THE ITEMS FOR TWO MONTHS. ALSO THE STATE CLAIMS WELCH DID TURN OVER THE EVIDENCE TO AN EVIDENCE TECHNICIAN, YET THEY FAILED TO PROVE IT BY SUBMITTING COPIES OF THIS FICTITIOUS EVIDENCE LOG AND THE NAME OF THE EVIDENCE TECHNICIAN. THE STATE IS STILL BEING EVASIVE ABOUT THE EVIDENCE AND TRYING TO COVER UP WELCH KEEPING A FILE CABINET FULL OF DRUGS FOR "ON-DEMAND" USE. IT DOES NOT MATTER IF HE IS LAW ENFORCEMENT. HE IS IN ILLEGAL POSSESSION OF NARCOTICS, AND THE D.A'S OFFICE OVERLOOKS IT. THE RELATOR CAN EASILY PROVE THIS THROUGH TRIAL RECORDS, AND THE LACK OF EVIDENCE LOGS.

GROUND THREE CLAIMS WARD, SWAN AND MALTSBERGER, SUPPRESSED A WRIT OF HABEAS CORPUS. THE RELATOR COULD HAVE HAD THE EVIDENCE SUPPRESSED AND THE CASE DISMISSED IF THERE WOULD HAVE BEEN A HEARING ON THE CASE. WARD, SWAN AND MALTSBERGER STATE THAT THE RELATOR ACCIDENTALLY MAILED THE DOCUMENT TO THE D.A.'s OFFICE INSTEAD OF THE DISTRICT CLERK'S OFFICE.

IT DOESN'T MATTER IF IT WENT TO THE D.A.'S OFFICE. WARD AND SWAN KNOW BY LAW IT MUST BE FILED AND BROUGHT TO THE ATTENTION OF THE COURT. WARD'S EXCUSE ON RECORD WAS THAT THE WRIT WAS MAILED TO THE WRONG ADDRESS SO HE PLACED THE WRIT IN THE FILE. IN WARD'S AFFIDAVIT HE CLAIMS HE DID NOT SUPPRESS THE WRIT AND GAVE A COPY OF IT TO MALTSBERGER AS SOON AS HE WAS APPOINTED. TRIAL TRANSCRIPTS WILL PROVE WARD DID SUPPRESS THE WRIT, WAS EVASIVE ABOUT IT WHEN IT WAS BROUGHT UP IN COURT, AND LIED SEVERAL TIMES ABOUT THE WRIT. WARD STATED IN HIS AFFIDAVIT THAT HE TURNED THE WRIT OVER TO MALTSBERGER AFTER HE WAS APPOINTED. DURING VOIR DIRE, 3R.R. PAGES 8-9, HE TOLD JUDGE BRYAN HE GAVE MALTSBERGER A COPY OF THE WRIT "LATE LAST WEEK". JUDGE BRYAN ED WHAT THEY SUGGEST THEY DO ABOUT IT AND WARD STATED THAT IT'S MOOT ANYWAY BECAUSE T.D.C.J. HAD A HOLD ON THE RELATOR, AND THE BLUE WARRANT WAS LIFTED ON FRIDAY, SO WHETHER OR NOT THE WRIT WAS GRANTED OR NOT, THE RELATOR WAS STILL ON A HOLD FROM T.D.C.J.: SO IT RENDERS IT MOOT." (3R.R. PAGE 9). THAT WAS A HABEAS FILED IN CHAMBERS COUNTY AND HAD NOTHING TO DO WITH THE BRAZOS COUNTY CASE AND WARD REFERRED TO IT TO AVOID THE WRIT HE SUPPRESSED. (SEE EXHIBIT A IN MEMORANDUM). THE RELATOR STATED THE HABEAS IN QUESTION WAS OVER THE PENDING FELONY. MR. WARD STATED "THEN HE SHOULD HAVE FILED IT". 3R.R. PAGE 10).

(5)

THE RELATOR THEN STATED HE DID FILE IT, THE CLERK DIDN'T FILE IT. THE COURT RESPONDED "WELL, YOU HAD IT ADDRESSED TO THE D.A.'S OFFICE" (3R.R. PAGE 10). EVEN IF THE RELATOR MAILED IT TO THE D.A.'S OFFICE, THEY ARE REQUIRED BY LAW TO FILE IT. WARD AND SWAN KNOWINGLY AND INTENTIONALLY KEPT THE WRIT OFF THE DOCKET AND DENIED RELATOR DUE PROCESS. WARD LATER STATED ON RECORD "THAT THE WRIT HAD BEEN FILED", (5R.R.PAGE 256), THAT IS NOT TRUE. IN 5R.R. PAGE 255, MALTSBERGER STATED, IN PART "HE'S ASKING HIM TO TESTIFY FROM AN ITEM THAT HAS NOT BEEN ADMITTED INTO EVIDENCE". GOING BACK TO 3R.R. 'AGE 11, WARD STATED "(IN PART) IT'S MOOT BECAUSE IT'S NOT A QUESTION OF LAW RELATOR IS RAISING INSIDE HIS MOTION, IT'S A FACTUAL DISPUTE". THE RELATOR WILL ~~THIS~~ NOW SHOW HOW THE SUPPRESSED WRIT WOULD HAVE HELPED HIM HAD THE A.D.A.S AND TRIAL COUNSEL NOT SUPPRESSED THE HABEAS. THE GROUNDS IN THE WRIT HAVE NEVER BEEN ADDRESSED. TO START, A WRIT OF HABEAS CORPUS IS THE PROPER WAY TO CHALLENGE BEING ILLEGALLY DEPRIVED OF ONES LIBERTY. (SEE C.C.P.) ONE BEING ILLEGALLY DETAINED SHOULD NOT HAVE TO WAIT ON TRIAL TO GET RELEASED. HAD THERE BEEN A HEARING ON THE WRIT THE RELATOR COULD HAVE PROVEN:

1) WELCH HAD THE RELATOR ARRESTED FOR DRIVING WHILE LICENSE INVALID, EVEN THOUGH WHEN DEPUTY CARLSON CHECKED THE RELATOR'S T.D.L., IT CAME BACK EXPIRED, NOT INVALID. DUE TO THE FALSE ARREST, THE EVIDENCE FAILS UNDER THE EXCLUSIONARY RULE AND MUST BE SUPPRESSED. (SEE C.C.P.)

(6)

THE RELATOR DID NOT GIVE CONSENT TO SEARCH. IN THE WRIT THE RELATOR STATED THAT THE VIDEO WOULD PROVE THAT HE DID NOT GIVE CONSENT. AT THE TIME THE RELATOR SUBMITTED THE WRIT, HE WAS UNAWARE THAT OFFICER CARLSON VIOLATED PROTOCOL AND WALKED OFF TO MAKE A PHONE CALL AND THE REFUSAL TO SEARCH WAS NOT RECORDED. REGARDLESS OF ALL THREE DEPUTIES CLAIMING RELATOR GAVE CONSENT TO SEARCH, THE VIDEO IS THERE TO PROTECT THE RELATOR'S RIGHT'S AND THE USE OF THE VIDEO WITHOUT AUDIO IS UNFAIR PREJUDICE AND VIOLATES RELATOR'S PRESUMPTION OF INNOCENCE. THE RELATOR STATED IN GROUNDS 4 AND 5 THAT CARLSON, WELCH AND YOUNG HAD LIED ABOUT WELCH ASKING RELATOR IF HE WAS A CONVICTED FELON WHEN HE ARRIVED AT THE SCENE. THE RELATOR ALSO ALLEDGED YOUNG LIED ABOUT TOUCHING THE EVIDENCE. THE STATE CLAIM'S THAT IS IRRELEVANT SINCE THE RELATOR TESTIFIED. THE REASON THE RELATOR BROUGHT FORTH THESE CLAIMS THAT TRIAL TRANSCRIPTS AND THE VIDEO PROVE IS FOR IMPEACHMENT PURPOSES. IF THEY LIE ABOUT ASKING RELATOR IF HE IS A CONVICTED FELON, THEY WILL LIE ABOUT CONSENT TO SEARCH. THE RELATOR IS BEING PUNISHED BECAUSE DEPUTY CARLSON VIOLATED PROTOCOL AND WALKED OFF WITH THE BODY MIKE. SINCE THE RELATOR IS NOT AT FAULT FOR THE LACK OF AUDIO ON THE VIDEO, IT IS A BIG FAT DENIAL OF HIS CONSTITUTIONAL RIGHTS TO PROSECUTE HIM BASED ON THE EVIDENCE RECOVERED FROM THE ILLEGAL SEARCH.

THE VIDEO LACKING AUDIO DURING A REQUEST TO SEARCH DOES NOT MEET THE REQUIREMENTS OF THE C.C.P. DUE TO CARLSON'S NEGLIGENCE, THE EVIDENCE FALLS UNDER THE EXCLUSIONARY RULE AND MUST BE SUPPRESSED. WARD, SWAN AND MALTSBERGER KNEW THIS AND THAT IS WHY THE WRIT WAS SUPPRESSED AND WHY THE GROUNDS WERE NEVER ADDRESSED.

IN GROUND FIVE THE STATE SAID " CARLSON DID NOT TESTIFY THAT APPLICANT DID NOT GIVE CONSENT TO SEARCH". THE RELATOR DID NOT SAY CARLSON DID HEAR RELATOR NOT GIVE CONSENT TO SEARCH. THE RELATOR STATED CARLSON SAID THAT WELCH ASKED "DO YOU MIND OR CAN I OR DO YOU MIND" (IF HE COULD SEARCH) AND CARLSON SAID RELATOR GAVE A NEGATIVE RESPONSE SUCH AS NO, I DON'T MIND. WELCH AND YOUNG TESTIFIED RELATOR RESPONDED WITH A POSITIVE ANSWER SUCH AS YES, YOU CAN SEARCH. TRIAL COUNSEL WAS INEFFECTIVE FOR NOT TRYING TO IMPEACH THE STATE'S WITNESSES ON CONFLICTING TESTIMONY. THE TRIAL COUNSEL CLAIM'S THAT IMPEACHING THE STATE'S WITNESSES IS A BAD TRIAL STRATEGY. OBVIOUSLY ALL OF HIS TRIAL STRATEGIES ARE DEFICIENT. HIS TRACK RECORD PROVES THIS. MALTSBERGER HAS NEVER WON A DEFENSE TRIAL. EVER. MALTSBERGER WAS NOT PREPARED NOR QUALIFIED TO REPRESENT THE RELATOR AT TRIAL. THE TRANSCRIPTS PROVE THAT. MALTSBERGER ALLOWED THE STATE TO USE THE VIDEO WITHOUT AUDIO TO PROSECUTE EVEN THOUGH USING THE VIDEO INFRINGED ON RELATOR'S PRESUMTION OF INNOCENCE.

(8)

IN GROUND FIVE THE RELATOR CAN SHOW THAT TRIAL COUNSEL WAS DEFICIENT FOR FAILING TO OBJECT TO PERJURED AND CONFLICTING TESTIMONY FOR IMPEACHMENT PURPOSES. TO START, CARLSON AND YOUNG TESTIFIED THAT WHEN WELCH ARRIVED ON THE SCENE HE ASKED THE RELATOR IF HE WAS A CONVICTED FELON. THE VIDEO PROVES THAT WAS A LIE AND THEY SAID THAT ON THE STAND TO LET THE JURY KNOW THE RELATOR HAD A CRIMINAL HISTORY. IT DOES NOT MATTER THAT THE RELATOR TESTIFIED, TRIAL COUNSEL SHOULD HAVE QUESTIONED THEM ON THE LIE AND CHALLENGED IT FOR IMPEACHMENT PURPOSES. TRIAL COUNSEL DIDN'T OBJECT TO OR CHALLENGE ANY OF THE CONFLICTING TESTIMONY AND WAS DEFICIENT FOR NOT IMPEACHING THE STATE'S WITNESSES. MALTSBERGER JUST WENT THROUGH THE MOTIONS, HE HAD NO INTENTION OF GETTING THE RELATOR AN AQUITTAL. (PLEASE SEE EXHIBIT 1, PAGES 1 AND 2) ON THESE TWO EXHIBITS, APPEAL ATTY, RICHARD WETZEL, SENT ME A COPY OF HIS INVESTIGATION REPORT AND EXPLAINED THERE WAS NOTHING TO APPEAL BECAUSE TRIAL COUNSEL DIDN'T OBJECT TO OR CHALLENGE ANYTHING. PLEASE KEEP IN MIND HE HAS NEVER WON A DEFENSE TRIAL. HAD HE IMPEACHED THE STATE'S WITNESSES ON THEIR TESTIMONY, AND BROUGHT OUT IN TRIAL ABOUT THEIR CONFLICTING TESTIMONY AND THEIR FLAT OUT LIE ON VIDEO SHOWING WELCH DID NOT ASK RELATOR IF HE WAS A CONVICTED FELON, THE JURY WOULD HAVE KNOWN THEY LIED ABOUT CONSENT TO SEARCH.

(9)

IN GROUND SIX, RELATOR ALLEGES TRIAL COUNSEL DID NOT DISCOVER THE LACK OF AN EVIDENCE CONTROL SYSTEM. TRIAL COUNSEL CLAIMS BRAZOS COUNTY HAS AN EVIDENCE CONTROL SYSTEM AND STATED IN HIS AFFIDAVIT, IN PART: "WHAT APPLICANT REFERS TO IS INVESTIGATOR MICHEAL WELCH'S ADMISSION DURING CROSS-EXAMINATION THAT AFTER HE GATHERED THE EVIDENCE AT THE SCENE, HE PLACED IT INTO A FILE CABINET IN HIS OFFICE, RATHER THAN DIRECTLY HAND THE EVIDENCE TO BRAZOS COUNTY SHERIFF'S EVIDENCE TECHNICIAN."

THE RELATOR WILL SHOW THAT IS NOT WHAT HE IS REFERING TO. AFTER TRIAL IN SEPTEMBER OF 2013, THE RELATOR FOUND OUT FROM TWO DEPUTIES AT THE BRAZOS COUNTY JAIL THAT WELCH KEPT THE EVIDENCE IN HIS FILE CABINET FOR 2 MONTHS BEFORE GIVING IT TO KENNY ELLIOT. THE EVIDENCE DID NOT GO TO AN EVIDENCE TECHNICIAN. I FILED A COMPLAINT WITH U.S. ATTORNEY MARY KUCERA IN WACO ABOUT WELCH KEEPING A FILE CABINET FULL OF "ON-DEMAND" DRUGS IN HIS POSSESSION AND NOT LOGGING THEM INTO EVIDENCE. IN OCTOBER 2013 I WAS TOLD BY DEPUTIES PHILLIPS, BOOKER AND TWO SEARGENTS THAT BRAZOS COUNTY WAS UNDER INVESTIGATION AND IN TROUBLE FOR NOT USING AN EVIDENCE CONTROL SYSTEM. TRIAL COUNSEL DID NOT PROVIDE THE NAME OF THE EVIDENCE TECHNICIAN EITHER. A NEW TRIAL OR AT LEAST A HEARING IS REQUIRED SO I CAN HAVE THESE PEOPLE TESTIFY TO THE FACTS ON THE LACK OF AN EVIDENCE CONTROL SYSTEM AT THE TIME OF TRIAL.

(10)

IN GROUND SEVEN, THE RELATOR CLAIMED INEFFECTIVE ASSISTANCE BECAUSE TRIAL COUNSEL REFUSED TO REPRESENT AND PURSUE THE FACTS OF A HABEAS CORPUS THAT THE RELATOR HAD MAILED TO THE D.A.'S OFFICE, THAT WAS GIVEN TO WARD AND SWAN. WARD AND SWAN SUPPRESSED IT AND TRIAL COUNSEL WAS INSTRUCTED BY RELATOR TO BRING IT TO JUDGE BRYAN'S ATTENTION AND FIND OUT WHY IT HAD BEEN SUPPRESSED. TRIAL COUNSEL TOLD THE RELATOR HE WAS NOT APPOINTED WHEN THE WRIT WAS MAILED, REFUSED TO INVESTIGATE THE MATTER AND SAID HE DIDN'T WANT TO GET INVOLVED. THE GROUNDS IN THE WRIT ARE NOT FRIVOLOUS AND HAD THE ISSUES OF THE ARREST AND VIDEO BEEN CHALLENGED IN COURT, IT IS HIGHLY PROBABLE THE OUTCOME OF THIS CASE WOULD HAVE BEEN DIFFERENT BUT FOR THE DENIAL OF REPRESENTATION AT THIS CRITICAL STAGE BY TRIAL COUNSEL. MALTSBERGER THEN STATED IN HIS AFFIDAVIT THE WRIT WAS A LETTER SENT TO THE D.A.'S OFFICE AND A VALID WRIT OF HABEAS CORPUS. THE RELATOR WOULD SHOW THIS COURT HE IS NOT AN ATTORNEY NOR PARALEGAL AND DRAFTED THE WRIT FROM MEMORY AS BRAZOS COUNTY DOES NOT HAVE A LAW LIBRARY TO LOOK UP PROPER FORMS IN. HE IS NOT TO BE HELD TO THE STRICT STANDARDS OF AN ATTORNEY. THERE MUST BE GOOD GROUNDS IN THE WRIT BECAUSE A.D.A. WARD DID EVERYTHING HE COULD TO AVOID A HEARING ON IT AND TRIAL TRANSCRIPTS SHOW HE LIED ABOUT NOT SUPPRESSING IT. (SEE 3R.R. PAGES 8-10) SEE 5R.R. PAGES 255 AND 256) RELATOR WAS APPOINTED RICHARD WETZEL FOR ANY POST CONVICTION WRIT AND WARD SUPPRESSED THE ORDER I SENT TO THE COURT REQUESTING MR. WETZEL REPRESENT ME.

(11)

THE WRIT WAS NOT A MOTION THAT WAS MERITLESS. REGARDLESS OF MALTSBERGER'S EXCUSES, I TOLD HIM TO HAVE A HEARING ON THE WRIT. HE REFUSED AND MADE APPLICANT REPRESENT HIMSELF, DURING AN ADVISARIAL PROCEEDING. MALTSBERGER TOLD THE APPLICANT HE IS GETTING PAID BY THE STATE AND DOES NOT HAVE TO DO WHAT I WANT. IF THE WRIT WOULD HAVE BEEN MERITLESS, WHY DID THE JUDGE, PROSECUTION AND TRIAL COUNSEL DO SO MUCH TO AVOID HAVING A HEARING ON THE GROUNDS? AS I HAVE MENTIONED, THE GROUNDS IN THE WRIT STILL HAVE NOT BEEN ADDRESSED.

IN GROUND EIGHT, RELATOR CLAIMS INEFFECTIVE COUNSEL BECAUSE TRIAL COUNSEL HAD NO TRIAL STRATEGY AND WASN'T PREPARED FOR TRIAL.

FROM WHAT I GET OUT OF HIS STRATEGY IS THIS, THE RELATOR DID NOT GIVE CONSENT TO SEARCH BUT IF HE DID HE WITHDREW CONSENT IN THE PATROL CAR. THAT WAS HIS DEFICIENT STRATEGY ON THE MOTION TO SUPPRESS. HAD HE PURSUED MY SUPPRESSED WRIT THE CASE WOULD HAVE BEEN DISMISSED. THE ARREST WAS FOR A BOGUS CHARGE, THE RELATOR'S T.D.L. WAS NOT INVALID, JUST EXPIRED. THE VIDEO WITHOUT AUDIO INFRINGED ON RELATOR'S PRESUMPTION OF INNOCENCE AND SHOWS UNFAIR PREJUDICE. TRIAL COUNSEL FAILED TO DISCOVER AT THE TIME OF TRIAL, THAT WELCH KEPT THE EVIDENCE FOR TWO MONTHS AND DID NOT PLACE IT INTO EVIDENCE BEFORE IT WENT TO KENNY ELLIOT.

TRIAL COUNSEL DID NOT ATTEMPT TO IMPEACH STATE'S WITNESSES, DID NOT PURSUE A VIABLE DEFENSE STRATEGY AND COULD HAVE HAD THE CASE DISMISSED. HAD HE PURSUED THE DUE PROCESS ISSUES ON THE VIDEO WITHOUT AUDIO, THE FALSE ARREST ON THE EXPIRED DRIVER'S LICENSE AND HAD HE DISCOVERED THE EVIDENCE WAS KEPT IN WELCH'S FILE CABINET FOR TWO MONTHS AND REQUESTED A PRIVATE TEST BE DONE ON THE SYRINGE AND DRUGS, THEN HE WOULD HAVE HAD A VIABLE DEFENSE STRATEGY.

MALTSBERGER IS NOT A QUALIFIED TRIAL ATTORNEY, HIS TRACK RECORD OF -0- WINS PROVE THAT. HE IS A PLEA BARGAIN ATTORNEY AT BEST. THERE WAS NOTHING FRIVOLOUS IN THE CLAIMS OF THE RELATOR'S SUPPRESSED WRIT. WARD STATED HE DISCUSSED THE WRIT WITH MALTSBERGER. OBVIOUSLY THE DISCUSSION WAS ON HOW TO SUPPRESS IT.

THE RELATOR HAS PROVEN THROUGH COURT RECORDS AND TRANSCRIPTS THAT ALL GROUNDS HAVE MERIT AND RELIEF SHOULD BE GRANTED.

Thomas Blanchard
RELATOR

(13)

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY A TRUE AND CORRECT COPY OF THIS REBUTTAL WAS MAILED TO A.D.A. JESSICA ESCUE AND THE COURT COORDINATOR OF THE 272ND DISTRICT COURT AT 300 E. 26TH, BRYAN, TEXAS 77803 ON JANUARY 15TH, 2015

_Thomas Blanchard_
Relator

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY A TRUE AND CORRECT COPY OF THIS REBUTTAL WAS MAILED TO THE HONORABLE ABEL ACOSTA, CLERK OF THE COURT OF CRIMINAL APPEALS AT P.O. BOX 12308, Capitol STATION AUSTIN, TEXAS 78711 ON FEBRUARY 19TH, 2015

_Thomas Blanchard_
RELATOR

(14)

8. jury sworn
8. plea of not guilty
8. State's opening

**12. Mike Welch – BCSO**
20. October 12, 2011, on narcotics surveillance at a home – saw a tow truck at the residence – ran a computer check on plates and determined they did not belong to truck
**22. tc or objection to information supplied about plate on truck – correctly**
22. learned plates had been cancelled and new plate was supposed to be on the truck
23. saw Blanchard leave the home, take items from the cab of the truck and place them in the bed of the truck
24. when truck drove away, had nearby patrol vehicle stop the truck because of narcotics suspicion and he know Blanchard had an expired driver's license
24. following stop, Blanchard was arrested for expired driver's license and displaying the wrong license plate on the truck
26. before he was arrested, asked for consent to search the truck
27. Blanchard consented to a search of the truck before he was arrested
28. never heard consent withdrawn
29. Blanchard was arrested and placed in handcuffs while the search was being conducted
30. found flashlight in tool tray in bed of the truck with no batteries – opened the flashlight
34. while on surveillance, had seen Blanchard take the flashlight from the cab of the truck and place it in the tool tray
36. inside flashlight, found syringe and small plastic bag which appeared to contain methamphetamine
37. syringe admitted without further objection, and **no chain of custody objection**
38. no further objection to baggie with meth upon admission, and **no chain of custody objection**
40. field tested positive for methamphetamine
X
**53. why ask about circumstances of officer previously arresting Blanchard**
58. this was not an inventory search or search incident to arrest
59. if consent had been withdrawn, he would have stopped searching
67. did not test syringe, but it appeared to have been previously used
**160. much cross on chain of custody – so what? Did not object at the time the items were admitted based on lack of a chain of custody**

4

**69. Efrain Perez – DPS chemist**
71. substance recovered from Blanchard's truck weighed .18 grams
72. substance contained methamphetamine including adulterants and dilutants
73. no further objection to admission of meth, and **no chain of custody objection**
X
89. extensive cross on possibility of contamination in lab

**92. John Carlson – BCSO**
96. stopped Blanchard's truck on request of fellow officers
97. determined plates on the truck were not valid
99. following stop, determined he did not have a valid driver's license
101. heard Blanchard tell Welch that he did not mind his truck being searched
102. never heard Blanchard withdraw or revoke consent to search
102. Blanchard was arrested for no valid driver's license and placed in the patrol vehicle
103. while search was proceeding, went to car, opened door and asked Blanchard whether he had given consent to search
**103. Blanchard mumbled Don't tow my truck, I'm going to lose my truck and then said nothing else – covered by motion to suppress?**
103. closed the door to patrol vehicle and walked back to ongoing search
103-104. asked about consent because he thought consent had not been captured on body mike and he wanted confirmation of the consent from the patrol car recording system
105. video admitted without objection
107. wears body mike which records on car system and car has a mike to pick up sounds within the car
107. while he was closing door to the car, mike in car recorded Blanchard withdrawing consent to search truck
107. officer did not hear Blanchard withdraw consent
108. in transit to police station Blanchard never said "I didn't give you consent to search my vehicle" – covered by motion to suppress?
116. body mike did not pick up Blanchard withdrawing consent in patrol car
116. recording from car shows that once the door was closed, Blanchard said "I did not give consent"
118. as officers were looking in flashlight, Blanchard could be heard on the recording saying "Get out of there."
119. while being transported, Blanchard never said he had not given consent and then told cop they were going to put him away for life

5

Ms. Parker, saying that anything that I filed in the Court would just be set aside. They were not going to have a hearing on it. It would not be admissible evidence, et cetera, et cetera, et cetera.

On the letter she referred to correspondence, which was a motion to dismiss counsel for Earl Gray; and she said that it was correspondence that was filed with the Clerk. And that was filed with the District Clerk. And I was intending to fire Earl Gray, and she was still telling me to contact Earl Gray over these issues.

THE COURT: Well, if it hadn't been filed in, and it doesn't have a cause number, I'm not sure I can take it up right now.

What do y'all say about that?

THE DEFENDANT: It was mailed to the District Clerk on the date of 11/3. They never -- the District Clerk refused to file it, which violates the procedure for the Writ of Habeas Corpus.

MR. WARD: Judge, if you look at the address on it, it does say the District Clerk; but then, the address is to the District Attorney's office. The District Clerk's office apparently routed it up to us. It went into our file and remained there until it was given over to Mr. Maltsberger last week.

THE COURT: Okay.

MR. WARD: Late last week, Judge.

THE COURT: What do y'all suggest we do about this?

MR. WARD: Well, Judge, I would argue that it's moot at this point, anyway, because we talked to TDCJ. They called us last week and said he was underneath a blue warrant anyway. His blue warrant was lifted on Friday. So, whether or not the Writ was granted or not, he was still on a hold from TDCJ; so, it renders it moot.

THE COURT: So, it's moot because his blue warrant's been lifted?

MR. WARD: Yes -- well, it hadn't at the time that this had been filed, Judge. It was lifted until Friday.

THE DEFENDANT: I object to that, Your Honor. I have the paperwork where the TDCJ was holding me illegally. I pled it in the criminal court of appeals on a habeas corpus, that actually went through the process as it should have by due process; and they ordered TDCJ to lift the hold. They never have -- they held me illegally on that detainer since September.

THE COURT: Well, if your hold has been lifted, there's no more issue to consider.

THE DEFENDANT: Well, that was on a

different issue. That was to another court. That was in another county.

THE COURT: Well, yeah, but your objective, as I understand it, is to get the hold lifted, right?

THE DEFENDANT: No, this is over this pending felony. This habeas corps here is over the pending felony.

THE COURT: So, what do you say to that?

THE DEFENDANT: That has nothing to do with that.

THE COURT: That has nothing to do with the lifting of the hold?

THE DEFENDANT: No.

MR. WARD: Then he should have filed it, Judge.

THE DEFENDANT: I did file it. The Clerk didn't file it.

THE COURT: Well, you had it addressed to the D.A.'s office.

THE DEFENDANT: That's the address that was given to me by the County Jail, by Officer Shannon to file it with.

THE COURT: Well, what -- what issue is he raising in here, Mr. Ward?

MR. WARD: Judge, he's basically saying --

VOLUME 5

were at the sanctuary, and he showed it to me -- gave me this copy. We can bring him in if you'd like.

Q. Sure. You mind reading for me the address that you mailed this thing to?

A. Sure.

MR. MALTSBERGER: Your Honor, object to testimony outside the scope of the -- outside the -- it's not admitted into evidence. He's asking him to testify from an item that has not been admitted into evidence.

THE COURT: I sustain that objection.

Step into the jury room, ladies and gentlemen.

(Jury retired.)

THE COURT: Tell them to go ahead and take a ten-minute break.

All right. What do you want to get in out of that thing?

MR. WARD: Well, Judge, he's testified on the stand just now that he didn't see the test that Welch and Young did. And then, in his motion -- or his Petition for Writ of Habeas Corpus --

THE COURT: That he didn't see the test?

MR. WARD: That was what he just testified is he didn't see the test that Mike Welch and Terry Young were doing.

VOLUME 5

THE COURT: Are you talking about the ampules?

THE WITNESS: I didn't see it performed. I saw it after the fact when they held it up outside.

THE COURT: Okay. Hold on.

MR. WARD: And in his Petition for Habeas Corpus, he says that he observed them doing it; and then, he observed them tamper with it and falsify the results.

THE COURT: Okay. I want you to --

MR. WARD: And this has been filed.

THE COURT: -- I want you to get him to affirm that he made that statement, and that he sent it. He gave it over. That's his statement.

And then, I want you to ask him if he made this statement within the content of that thing, blah, blah, blah. And get him to affirm or deny that. And if he denies it. Then, you can get into evidence the very document itself.

Do you have any objection to that procedure?

MR. MALTSBERGER: Not to that procedure, Judge.

THE COURT: Okay. That's the proper way to do it.

MR. WARD: I'm sorry, Judge. I'm a bit confused about how -- I've been doing it differently